

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-16-104

| | |
|---|---|
| | Opinion Delivered: SEPTEMBER 28, 2016 |
| MIRACLE KIDS SUCCESS ACADEMY, INC.<br><br>APPELLANT<br><br>V.<br><br>MARVIN MAURRAS<br><br>APPELLEE | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, TWELFTH DIVISION<br>[NO. 60CV-14-2778]<br><br>HONORABLE ALICE S. GRAY, JUDGE<br><br>DISMISSED WITHOUT PREJUDICE |

## KENNETH S. HIXSON, Judge

Appellant Miracle Kids Success Academy, Inc., appeals after the Pulaski County Circuit Court granted appellee's motion for partial summary judgment on count one of his complaint and dismissed counts two and three without prejudice. Appellant argues on appeal that the circuit court erred in granting appellee's motion for partial summary judgment. Because the judgment from which appellant appeals does not resolve all the claims brought in this lawsuit, we dismiss this appeal without prejudice for lack of a final order.

Appellee Marvin Maurras filed his complaint against appellant on July 17, 2014. Appellee requested that (1) in Count I appellant repay a loan made by him with interest, (2) in Count II appellant be required to furnish him with a Schedule K-1 for 2013 and all related documents, and (3) in Count III appellant be enjoined from performing any further corporate acts that require approval of the board of directors without holding a meeting of

the board of directors and providing notice of such meeting to all directors. The parties filed cross-motions for partial summary judgment. A hearing was held on the motions, and after the circuit court orally ruled that it was granting appellee's motion for partial summary judgment on count one of appellee's complaint, appellee requested that the other counts be dismissed. In an October 14, 2015 order, the circuit court found that appellee had loaned appellant the principal sum of $150,000 at five percent annual interest; that there were no genuine issues of material fact regarding count one of appellee's complaint; that appellee was entitled to a judgment in the amount of $197,627.93 with a postjudgment interest rate of ten percent on count one; and that counts two and three were dismissed without prejudice. A judgment conforming to the circuit court's order was also filed the same day.

While no party has raised this issue, whether an order is final for appeal purposes is a jurisdictional question that this court will raise sua sponte. *Hotfoot Logistics, LLC v. Shipping Point Mktg., Inc.*, 2012 Ark. 76. Arkansas Rule of Appellate Procedure–Civil 2(a)(1) (2015) provides that an appeal may be taken only from a final judgment or decree entered by the circuit court. Arkansas Rule of Civil Procedure 54(b) (2015) provides that when more than one claim for relief is presented in an action or when multiple parties are involved, an order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not a final, appealable order. *Brasfield v. Murray*, 96 Ark. App. 207, 239 S.W.3d 551 (2006). Rule 54(b) allows a circuit court, when it finds no just reason for delaying an appeal, to direct entry of a final judgment as to fewer than all the claims or parties by executing a certification of final judgment as it appears in Rule 54(b)(1). However, absent this required certification, any judgment, order, or other form of decision that adjudicates

fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action. *Brasfield*, *supra*. No such certification was made in this case.

In this case, the circuit court's order specifically dismissing counts two and three without prejudice is not a final order or an adjudication on the merits because the merits of the cause are not finally determined. *See Beverly Enters.-Ark., Inc. v. Hillier*, 341 Ark. 1, 14 S.W.3d 487 (2000); Ark. R. Civ. P. 41(a). Rule 41(a) leaves appellee free to refile his suit against appellant regarding counts two and three. *Beverly Enters.-Ark., Inc.*, *supra*. Thus, we lack jurisdiction over the instant appeal and dismiss this appeal without prejudice.

Dismissed without prejudice.

VAUGHT and BROWN, JJ., agree.

*Donald L. Parker II* and *Ronald S. Burnett, Jr.*, for appellant.

*Fuqua Campbell, P.A.*, by: *Phil Campbell* and *Chris Stevens*, for appellee.