

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV-16-503

CHARLES A. SCHROEDER

APPELLANT

V.

TOWMATE, LLC

APPELLEE

**Opinion Delivered:** February 8, 2017

APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04CV-15-1108]

HONORABLE JOHN R. SCOTT, JUDGE

DISMISSED WITHOUT PREJUDICE

## MIKE MURPHY, Judge

We dismiss this appeal without prejudice for lack of a final and appealable order as required by Arkansas Rule of Appellate Procedure–Civil 2 and Arkansas Rule of Civil Procedure 54(b). This case revolves around road-access rights over property located in Benton County. The two parties in this case are neighboring property owners who currently hold title to five adjacent tracts of land located along or near the road in dispute.

Currently, appellant Charles Schroeder owns two tracts of land in Benton County, Arkansas, which are described as Tracts 1 and 2; appellee Towmate owns the remaining three tracts. Tract 1 fronts the highway, and Schroeder uses it for his boat-repair business. He uses Tract 2, which is located directly behind Tract 1, for his residence. Towmate's Tract 3 is west of Tracts 1 and 2, and Towmate's Tracts 4 and 5 are directly east of Schroeder's tracts. The road is located on Tract 3.

SLIP OPINION

In 2015, Towmate submitted plans to construct a commercial building on Tract 3 to the Benton County Planning Commission, and the commission ordered Towmate to construct screening fences as a condition for development. As a result of the screening, the road on Tract 3 was enclosed by a fence. Schroeder contended that he and others used the road over Tract 3 for ingress and egress onto Tracts 1 and 2. In response to the road being blocked, Schroeder filed this lawsuit seeking preliminary and permanent injunctions to restrain Towmate from blocking the roadway. Schroeder argued that the road was a "county road," which did not give Towmate authority to block the passageway. He alternatively argued that the nature and use of the road created a prescriptive easement in favor of Schroeder and the public. Schroeder also requested attorney's fees. Towmate answered and filed a counterclaim demanding its costs and attorney's fees and $350 to repair its fence.

On August 26, 2015, the circuit court entered an order denying Schroeder a temporary injunction. A two-day bench trial commenced, and the circuit court entered an order on February 12, 2016, denying Schroeder's request for injunctive relief and denying his request for an easement over Tract 3. On March 9, 2016, Schroeder filed his notice of appeal. Schroeder filed an amended notice of appeal on March 10, 2016. We decline to reach the merits of this case because the order from which Schroeder appeals is not a final order.

While no party has raised this issue, whether an order is final for appeal purposes is a jurisdictional question that this court will raise sua sponte. *Miracle Kids Success Acad., Inc. v. Maurras*, 2016 Ark. App. 445, at 2–3, 503 S.W.3d 94, 95. Arkansas Rule of Appellate Procedure–Civil 2(a)(1) provides that an appeal may be taken only from a final judgment or

decree entered by the circuit court. Arkansas Rule of Civil Procedure 54(b) provides that when more than one claim for relief is presented in an action or when multiple parties are involved, an order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not a final, appealable order. *Miracle Kids Success Acad.*, 2016 Ark. App. 445, at 2–3, 503 S.W.3d at 95. Rule 54(b) allows a circuit court, when it finds no just reason for delaying an appeal, to direct entry of a final judgment as to fewer than all the claims or parties by executing a certification of final judgment as it appears in Rule 54(b)(1). Ark. R. Civ. P. 54. However, absent this required certification, any judgment, order, or other form of decision that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action. *Miracle Kids Success Acad.*, *supra*. No such certification was made in this case.

The circuit court's order specifically addressed Schroeder's arguments and held that the road was not a county road and that neither Schroeder nor the public had a prescriptive right of access over the road. The circuit court also addressed attorney's fees and costs and declined to award either. However, the order does not address Towmate's counterclaim for $350 to repair the fence. Because the judgment from which Schroeder appeals does not resolve all the claims brought in this lawsuit, we dismiss this appeal without prejudice for lack of a final order.

Dismissed without prejudice.

ABRAMSON and GLOVER, JJ., agree.

*Daily & Woods, P.L.L.C.*, by: *C. Michael Daily*, for appellant.

*Kelley Law Firm, a professional limited liability company*, by: *Glenn E. Kelley*, for appellee.