SLIP OPINION

Cite as 2017 Ark. App. 110

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV–16–229

| | |
|---|---|
| JESSIKA SHIRLEY & NICOLE SMITH<br><br>APPELLANTS<br><br>V.<br><br>PROGRESSIVE CAR FINANCE, LLC<br><br>APPELLEE | **Opinion Delivered:** February 22, 2017<br><br>APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04CV–15–404]<br><br>HONORABLE BRAD KARREN, JUDGE<br><br>DISMISSED |

## MIKE MURPHY, Judge

Appellants Jessika Shirley and Nicole Smith bring this appeal from a Benton County Circuit Court order denying their motion to dismiss for lack of subject-matter jurisdiction. We dismiss this appeal without prejudice for lack of a final and appealable order as required by Arkansas Rule of Appellate Procedure–Civil 2 and Arkansas Rule of Civil Procedure 54(b).

The matter before us stems from a default judgment entered in the small-claims division of the District Court of Benton County, Arkansas, Rogers Division. The relevant parties are appellants Shirley and Smith and appellee Progressive Car Finance, LLC (Progressive). Shirley and Smith originally appealed to the circuit court from a district court order granting a default judgment in the amount of $5,000 against Shirley and Smith. Shirley

and Smith timely filed their appeal to the circuit court, but they did not timely file an answer as required by Rule 9 of the Arkansas District Court Rules. On May 11, 2015, after the time for Shirley and Smith to answer had expired, Progressive filed a motion for default judgment in the circuit court. On May 20, 2015, Shirley and Smith filed motions for leave to file an answer and to dismiss. On June 1, 2015, a hearing was held, and Shirley and Smith withdrew the portion of the pleading requesting leave to file an answer, leaving before the court their motion to dismiss for lack of subject-matter jurisdiction. On September 18, 2015, the circuit court entered an order denying the motion to dismiss. On October 19, 2015, Shirley and Smith filed their notice of appeal from the September 18 circuit court order. However, an order granting Progressive's default judgment was entered on October 27, 2015. Progressive filed a motion to dismiss the appeal for lack of a final order because Shirley and Smith did not appeal from the October 27 order.

Arkansas Rule of Appellate Procedure–Civil 2(a)(1) provides that an appeal may be taken only from a final judgment or decree entered by the circuit court. Arkansas Rule of Civil Procedure 54(b) provides that when more than one claim for relief is presented in an action or when multiple parties are involved, an order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not a final, appealable order. *Miracle Kids Success Acad., Inc. v. Maurras*, 2016 Ark. App. 445, at 2–3, 503 S.W.3d 94, 95. Rule 54(b) allows a circuit court, when it finds no just reason for delaying an appeal, to direct entry of a final judgment as to fewer than all the claims or parties by executing a certification of final judgment as it appears in Rule 54(b)(1). Ark. R. Civ. P. 54. However, absent this required certification, any judgment, order, or other form of decision that

adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action. *Miracle Kids*, *supra*. No such certification was made in this case.

The circuit court did not address Progressive's motion for default judgment until the October 27 order when it granted the motion, which was after Shirley and Smith filed their appeal. Shirley and Smith assert that jurisdiction was the only issue on appeal before the circuit court and that the October 27 order granting Progressive's motion for default judgment was superfluous. Shirley and Smith argue that these damages did not need to be addressed as evidenced by the fact that Progressive had been executing on the small-claims division judgment since its issuance and throughout the litigation, so when the circuit court denied Shirley and Smith's motion to dismiss, execution on the small-claims judgment continued as it had throughout. We disagree.

Generally, the denial of a motion to dismiss is not an appealable order under Arkansas Rule of Appellate Procedure–Civil 2. *Lenders Title Co. v. Chandler*, 353 Ark. 339, 349, 107 S.W.3d 157, 163 (2003). We recognize an exception to the Rule 2 requirement that the order be final in cases where the interlocutory order, though not final, had the practical effect of a final ruling on the merits. *Ford Motor Co. v. Harper*, 353 Ark. 328, 331, 107 S.W.3d 168, 169 (2003) (citing *Gipson v. Brown*, 288 Ark. 422, 706 S.W.2d 369 (1986)). In *Gipson*, appellees sought disclosure of financial data and other business information relating to their church. 288 Ark. 422, 706 S.W.2d 369. The circuit court upheld appellees' discovery requests seeking the same financial and business information, which was the object of the lawsuit. *Id*. Appellants appealed from that court's interlocutory order compelling

discovery. *Id.* Our supreme court noted that the appeal was properly taken because the discovery order was the equivalent of a decision on the merits. *Id.* at 426–27, 706 S.W.2d at 372.

Unlike *Gipson*, this case does not fit the exception because the September order denying the motion to dismiss did not completely end the litigation. Arkansas Rule of Civil Procedure 55(b) provides, "If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings as it deems necessary and proper." Even if Shirley and Smith had no intention of challenging the $5,000 damages, they could have requested a hearing on damages; thus there were potential issues left to be litigated. Additionally, even though the circuit court awarded the same amount of money in the default judgment as the judgment from the district court, it was not bound by that amount and could have potentially awarded a different amount. Therefore, because the order denying the motion to dismiss did not resolve the contingency so as to dismiss the parties or have the practical effect of concluding the litigation, we decline to reach the merits of this case and dismiss this appeal without prejudice for lack of a final order.

Dismissed.

WHITEAKER and VAUGHT, JJ., agree.

*George B. Morton*, for appellants.

*Shemin Law Firm, PLLC*, by: *Kenneth R. Shemin*; *R. Jeffrey Reynerson, PA*, by: *R. Jeffrey Reynerson*; and *Lax, Vaughan, Fortson, Rowe & Threet, P.A.*, by: *Grant E. Fortson*, for appellee.