

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-16-227

| | |
|---|---|
| | **Opinion Delivered:** March 29, 2017 |
| AGILITY FINANCIAL CREDIT UNION<br>APPELLANT | APPEAL FROM THE SEBASTIAN<br>COUNTY CIRCUIT COURT,<br>FORT SMITH DISTRICT<br>[NO. 66FCV-15-162] |
| V. | |
| GAYLA LARGENT AND WESTERN<br>ARKANSAS TITLE SERVICES, LLC<br>APPELLEES | HONORABLE JAMES O. COX,<br>JUDGE |
| | DISMISSED WITHOUT PREJUDICE |

## MIKE MURPHY, Judge

Appellant Agility Financial Credit Union (Agility) appeals a December 2, 2015, Sebastian County Circuit Court order vacating a foreign judgment it had registered in that county against appellee, Gayla Largent. We cannot reach the merits because a claim of the intervenor was left unaddressed, and this appeal is therefore premature. We dismiss without prejudice.

Agility obtained a judgment against Largent in Shelby County, Tennessee, and registered that judgment in Sebastian County, Arkansas, where Ms. Largent owned real property. Ms. Largent initially moved to vacate the foreign judgment, alleging that the affidavit accompanying it was not signed, and the circuit court granted the motion the same day. Four days later, the court set aside its order vacating the judgment upon learning that

the affidavit did, in fact, have all the appropriate signatures. It reinstated the foreign judgment nunc pro tunc to its original filing date of February 23, 2015.

During that four-day period between when the judgment was vacated and retroactively reinstated, Largent sold real property situated in Sebastian County to a third person for roughly $58,000, and the closing was handled by Western Arkansas Title Services, LLC (WATS).

Largent again moved to set aside the registration of the foreign judgment on July 28, 2015. This time, she argued, among other things, that the foreign judgment was not properly registered because the copy of the foreign judgment had not been certified by the Shelby County Circuit Clerk on its face as required by Arkansas Rule of Civil Procedure 44. Agility then made demand upon WATS in the amount of the sales price of the real property, and WATS was permitted to intervene and file a petition seeking a declaration that it "has no duty to pay any sum over to [Agility]" on the basis that the copy of the foreign judgment had not been properly certified in accordance with Rule 44. Agility responded, arguing that the registration complied with the Uniform Enforcement of Foreign Judgment Act and that the court was required by the United States Constitution to give full faith and credit to the foreign judgment.

The court ultimately ruled in Largent's favor, finding that, to be properly authenticated, a foreign judgment must be "attested or certified to be a true copy of the original document on file with the official custodian of record." That is to say that, even if a foreign judgment complies with the language of Arkansas Code Annotated section 16-66-

SLIP OPINION

602 and United States Code Annotated section 1738, if it does not strictly comply with Arkansas Rule of Civil Procedure 44, it is deficient for purposes of registration in this state.

Arkansas Rule of Appellate Procedure–Civil 2(a)(1) (2016) provides that an appeal may be taken only from a final judgment or decree entered by the circuit court. While no party has raised this issue, whether an order is final for appeal purposes is a jurisdictional question that this court will raise sua sponte. *Miracle Kids Success Acad., Inc. v. Maurras*, 2016 Ark. App. 445, at 2–3, 503 S.W.3d 94, 95. Agility appeals and asserts that the court erred in setting aside the registration of the foreign judgment; however, the orders entered only address Largent and her claims. WATS's petition to intervene, in which it sought declaratory relief, is not addressed in any orders in either the addendum or the record. When more than one claim for relief is presented in an action or when multiple parties are involved, and absent a certification of final judgment, an order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not a final, appealable order. Ark. R. Civ. P. 54(b); *Miracle Kids Success Acad.*, 2016 Ark. App. 445, at 2–3, 503 S.W.3d at 95.

Because the intervenor's claim was left unresolved, the order from which Agility appeals is not final. We dismiss.

Dismissed without prejudice.

GLADWIN and HARRISON, JJ., agree.

*Pinnacle Law Firm, PLLC*, by: *Matthew D. Campbell*, for appellant.

*Hayes, Johnson & Conley, PLLC*, by: *Christopher B. Conley*, for appellee Gayla Largent.

*Walters, Gaston, Allison & Parker*, by: *Troy Gaston*, for appellee Western Arkansas Title Services.