SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-16-808

| | |
|---|---|
| JOHN WESLEY SLAYTON<br><br>APPELLANT<br><br>V.<br><br>WINDSTREAM COMMUNICATIONS, INC., AND WINDSTREAM HOLDINGS, INC.<br><br>APPELLEES | **Opinion Delivered:** May 10, 2017<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTH DIVISION<br>[NO. 60CV-15-1672]<br><br>HONORABLE TIMOTHY DAVIS FOX, JUDGE<br><br>DISMISSED WITHOUT PREJUDICE |

## MIKE MURPHY, Judge

Appellant John Wesley Slayton brings this appeal from a Pulaski County Circuit Court order granting summary judgment in favor of appellee Windstream Communications, Inc. We dismiss without prejudice.

Slayton filed suit against his employer Windstream alleging that it had breached a written "Account Executive Compensation Plan Document" by not paying him a bonus to which he believed he was entitled.[1] He claimed he was to receive commission on 50 percent of the contract sales revenue and a 5 percent "SPIFF" bonus.[2] Slayton asserted claims for

---

[1]Slayton filed suit against Windstream Communications, Inc., and against separate entity Windstream Holdings, Inc.; Slayton moved to nonsuit without prejudice the action against Windstream Holdings, Inc., and this appeal deals solely with Windstream Communications, Inc.

[2]"SPIFF" refers to a manufacturer or an employer paying a small, immediate bonus for a sale.

breach of contract, injunctive relief, quantum meruit/unjust enrichment, and punitive damages. Windstream moved for summary judgment on each of the claims. Before he responded to the motion for summary judgment, Slayton moved to nonsuit the claims for breach of contract regarding the 50 percent commission and for injunctive relief. The circuit court entered two orders dismissing the claims without prejudice. Slayton then responded to the summary-judgment motion, and a hearing was held. The circuit court entered two separate orders granting Windstream summary judgment on Slayton's unjust-enrichment claim and for punitive damages. Slayton never reasserted his nonsuited claims, and the circuit court entered no further orders. Slayton filed a notice of appeal from the two orders granting Windstream summary judgment.

We cannot reach the merits of Slayton's argument, however, because we lack a final, appealable order. Arkansas Rule of Appellate Procedure–Civil 2(a)(1) provides that an appeal may be taken only from a final judgment or decree entered by the circuit court. Arkansas Rule of Civil Procedure 54(b) provides that when more than one claim for relief is presented in an action or when multiple parties are involved, an order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not a final, appealable order. *Miracle Kids Success Acad., Inc. v. Maurras*, 2016 Ark. App. 445, at 2–3, 503 S.W.3d 94, 95. Rule 54(b) allows a circuit court, when it finds no just reason for delaying an appeal, to direct entry of a final judgment as to fewer than all the claims or parties by executing a certification of final judgment as it appears in Rule 54(b)(1). However, absent this required certification, any judgment, order, or other form of decision that adjudicates

fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action. *Miracle Kids*, *supra*. No such certification was made in this case.

The problem here is that the orders from which Slayton appealed do not address the voluntarily nonsuited claims. Our court has held that a plaintiff may not take a voluntary nonsuit as to some of its claims and then appeal from the circuit court's order disposing of the plaintiff's other claims because a voluntary nonsuit without prejudice leaves the plaintiff free to refile the claim; therefore, the order is not considered final. *Johnson v. Windstream Commc'ns, Inc.*, 2016 Ark. App. 419, at 3. Thus, in the absence of an order dismissing Slayton's breach-of-contract and injunctive-relief claims with prejudice, or a properly executed Rule 54(b) certificate, we have no jurisdiction over this appeal.

Should Slayton choose to refile, we remind counsel to carefully review the rules regarding briefing to ensure that the brief is properly prepared and to pay particular attention to Arkansas Supreme Court Rule 4–2(a)(5)(B) governing the form of the abstract.

Dismissed without prejudice.

ABRAMSON and HIXSON, JJ., agree.

*Gary J. Barrett*, for appellant.

*Wright, Lindsey & Jennings LLP*, by: *Regina A. Young* and *Gary D. Marts, Jr.*, for appellee.