MIKE MURPHY, Judge
Appellant Agility Financial Credit Union (Agility) appeals a December 2, 2015 Sebastian County Circuit Court order vacating a foreign judgment it had registered in that county against appellee Gayla Largent. More specifically, the order found that the registration of the foreign judgment was null and void for failing to comply with Arkansas Rule of Civil Procedure 44, and that any liens on Largent's property stemming from that registration were also null and void. On appeal, Agility argues that the circuit court erred in finding that (1) Arkansas Rule of Civil Procedure 44 controlled; (2) Agility's judgment was not properly registered; (3) the lien was null and void; and (4) the intervenor's petition for declaratory judgment was moot. We affirm.
I. Facts and Procedural History
Agility obtained a judgment against Largent in Shelby County, Tennessee, and on February 23, 2015, registered that judgment in Sebastian County, Arkansas, where Ms. Largent owned real property. On July 20, 2015, Largent moved to vacate the foreign judgment, alleging that the affidavit accompanying it was not signed, and the circuit court granted the motion the same day. The next day, Largent sold real property situated in Sebastian County to a third party for roughly $58,000, and the closing was handled by Western Arkansas Title Services, LLC (WATS). On July 24, 2015, the court set aside its order vacating the judgment upon learning that the affidavit did, in fact, have all the appropriate signatures. It reinstated the foreign judgment nunc pro tunc to its original filing date of February 23, 2015.
On July 28, 2015, Largent made two new motions to the court. The first was a motion to set aside the registration, this time because the copy of the foreign judgment had not been certified by the Shelby County Circuit Clerk on its face as required by Arkansas Rule of Civil Procedure 44. The second motion asked the court, alternatively, to remove the "nunc pro tunc" language from the set-aside order.
With the foreign judgment in place nunc pro tunc to February, Agility then made demand upon WATS in the amount of the sales price of the real property. WATS was permitted to intervene and file a petition seeking a declaration that it "has no duty to pay any sum over to [Agility]" on the basis that the copy of the foreign judgment had not been properly certified in accordance with Rule 44. Agility responded, arguing that the registration complied with the Uniform Enforcement of Foreign Judgments Act (UEFJA) and that the court was required by the United *473 States Constitution to give full faith and credit to the foreign judgment.
The court ultimately ruled in Largent's favor, finding that to be properly authenticated, a foreign judgment must be "attested or certified to be a true copy of the original document on file with the official custodian of record." That is to say that, even if a foreign judgment complies with the language of Arkansas Code Annotated section 16-66-602 and United States Code Annotated section 1738, if it does not strictly comply with Arkansas Rule of Civil Procedure 44, it is deficient for purposes of registration in this state.[1] Following this reasoning, the court then found that, because the judgment was not properly registered, it could not act as a lien. Agility timely appealed, but we dismissed the case without prejudice because the order from which Agility appealed left WATS's claim unaddressed. Agility Fin. Credit Union v. Largent , 2017 Ark. App. 197, 517 S.W.3d 451. On September 27, 2017, the circuit court entered an order dismissing as moot WATS's petition for declaratory judgment because there was no lien at the time of the sale of Largent's real property on July 21, 2015, for lack of proper registration; thus, Agility had no claim against WATS. Agility again appeals.
II. Standard of Review
Our review of this appeal requires interpretation of Arkansas statutes; accordingly, the standard of review is de novo. Wal-Mart Stores, Inc. v. D.A.N. Joint Venture III, L.P. , 374 Ark. 489, 490, 288 S.W.3d 627, 629 (2008).
III. Mootness
Before we address Agility's points on appeal, Largent first argues that, because the "whole point of this appeal" is for Agility to "attempt to create a lien on the real estate at issue" and because Agility does not make any argument regarding the December 2, 2015 order removing the nunc pro tunc language from the July 24, 2015 order setting aside the order vacating the foreign judgment, that even if Agility were to prevail on appeal, it would still not have a lien on the real property or a claim against WATS.
Largent is correct that, as a general rule, appellate courts of this state will not review issues that are moot. Honeycutt v. Foster , 371 Ark. 545, 268 S.W.3d 875 (2007). However, to extend Largent's reasoning would first require us to address arguments that were not considered and ruled upon by the trial court, which we will not do. Parkerson v. Brown , 2013 Ark. App. 718, 430 S.W.3d 864. Here, the court concluded Agility did not have a lien on the real estate at issue, not because it removed nunc pro tunc language from the second order, but because the judgment was not filed in compliance with Rule 44. The order removing the nunc pro tunc language did not provide that it voided the lien, and Largent did not seek an alternate ruling that it necessarily did so. Therefore, Agility's appeal is not moot for failure to challenge the additional order entered December 2, 2015.
IV. Arkansas Rule of Civil Procedure 44 and the UEFJA
The primary question before us today is whether the lower court erred in the December 2, 2015 order finding that Arkansas Rule of Civil Procedure 44 was the exclusive mechanism for authenticating foreign judgments and the fallout as it *474 relates to that finding. To begin, regarding foreign records, Arkansas Rule of Civil Procedure 44(a)(2) provides that
[a] foreign official record, or an entry therein, when admissible for any purpose, may be evidenced by an official publication, or copy thereof, attested by a person authorized to make attestation, and accompanied by a final certification as to the genuineness of the signature and official position (i) of the attesting person, or (ii) of any foreign official whose certificate of genuineness of signature and official position relates to the attestation or is in a chain of certificates of genuineness of signature and official position relating to the attestation.
In the present case, the lower court found that the documents mailed to the Sebastian County Circuit Court clerk were not compliant with Rule 44. Instead, what it received was an "uncertified, unattested copy of a foreign judgment from Shelby County that is stapled to a Certificate of Authentication," and that "[e]ven the document attached to [Agility's] final brief with the Court does not have an attestation clause on the foreign judgment." Agility argues that this, however, should not preclude its registration and enforcement in Arkansas, because the filing it provided was compliant with the UEFJA. The UEFJA, codified at Arkansas Code Annotated sections 16-66-601 to 16-66-619, provides a summary procedure in which a party in whose favor a judgment has been rendered may enforce that judgment promptly in any jurisdiction where the judgment debtor can be found. Nationwide Ins. Enter. v. Ibanez , 368 Ark. 432, 435, 246 S.W.3d 883, 886 (2007). Under it, a foreign judgment is "any judgment ... of a court of the United States or of any other court which is entitled to full faith and credit in this state." Ark. Code Ann. § 16-66-601. Regarding filing and status of foreign judgments, the UEFJA provides that
[a] copy of any foreign judgment authenticated in accordance with the act of Congress or the statutes of this state may be filed in the office of the clerk of any court of this state having jurisdiction of such an action. The clerk shall treat the foreign judgment in the same manner as a judgment of a court in this state. A judgment so filed has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a court of this state and may be enforced or satisfied in like manner.
Ark. Code Ann. § 16-66-602.
It further provides that Arkansas courts give any judgment of a court of the United States full faith and credit when the judgment is regular on its face and authenticated. Ibanez , 368 Ark. at 435, 246 S.W.3d at 886.
The circuit court recognized that it is this last point, authentication, which is the heart of the case before it. Specifically, it found that
[p]ursuant to Rule 44 of the Arkansas Rules of Civil Procedure, to be properly authenticated, the purported foreign judgment was required to be attested and accompanied with a certificate of authenticity. Here, the purported foreign judgment sought to be registered with this Court was accompanied with a certificate of authenticity, but the purported foreign judgment itself was not attested or certified to be a true copy of the original document on file with the official custodian of record. By failing to file a foreign judgment with the required attestation clause, [Agility]'s attempt to register the purported foreign judgment is deficient because it fails to comply with the authentication requirements of Rule 44. Accordingly, the purported foreign judgment was not filed in accordance with the strict requirements *475 of the [UEFJA]. The Court finds that compliance with Rule 44 is necessary to grant this Court jurisdiction to enforce a foreign judgment. Since there was not compliance with Rule 44, and jurisdiction did not confer, the filing of the purported foreign judgment is a nullity and void.
Agility would have us hold that this construction was erroneous. It argues that, instead, by virtue of Arkansas Code Annotated section 16-66-602, a judgment authenticated per 28 U.S.C.A. § 1738 may also be registered in this state.[2] We disagree because the UEFJA was enacted prior to Amendment 80 to the Arkansas Constitution and Arkansas Code Annotated section 16-11-301, and Rule 44 therefore supersedes it.
Section 3 of amendment 80 to the Arkansas Constitution provides that the supreme court "shall prescribe the rules of pleadings, practice and procedure for all courts; provided these rules shall not abridge, enlarge or modify any substantive right and shall preserve the right of trial by jury as declared in this Constitution." Arkansas Code Annotated section 16-11-301 provides that the rules adopted by the supreme court supersede all statutes concerning pleading, practice, and procedure in all courts. Arkansas Rule of Civil Procedure 44, which was created by our supreme court, therefore supersedes the UEFJA language pertaining to how foreign judgments may be filed with a court of this state. See also Bird v. Shaffer , 2012 Ark. App. 464, 2012 WL 3854886. The circuit court did not err on this point.
V. Agility's Remaining Points
Because Arkansas Rule of Civil Procedure 44 controls, we agree with the circuit court that Agility's judgment was not properly registered or enforceable. And, because it was not properly registered or enforceable, it necessarily could not serve as a lien on the real estate owned by Largent in Sebastian County. Finally, because there was no lien on the real estate owned by Largent in Sebastian County at the time of the sale of the property, the circuit court did not err in finding that WATS's petition for declaratory judgment was moot.
Affirmed.
Klappenbach and Vaught, JJ., agree.

An additional order was also entered on December 2, 2015. This one granted Largent's motion to remove the nunc pro tunc language from the July 24, 2015 order setting aside the order vacating the foreign judgment. Agility does not argue on appeal that the court erred in removing this language from this order.

28 U.S.C.A. § 1738 provides, in part, that "[t]he records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form."