Jerry BRASFIELD *v.* Jacqueline MURRAY

CA 06-52                                    239 S.W.3d 551

Court of Appeals of Arkansas
Opinion delivered September 20, 2006

*Burns Law Firm*, by: *Thomas Burns*, for appellant.

*Sharon M. (Fortenberry) Nichols*, for appellee.

PER CURIAM. This appeal is from a partial summary judgment entered in favor of appellee Jacqueline Murray on her claim for usury. The court found that the contract for sale of real property that she entered into with appellant was usurious and awarded her $58,690.90 in interest and $3,000 in attorney's fees. Because the judgment from which appellant appeals does not resolve all the claims brought in this lawsuit, we dismiss the appeal.

In June 2001, the parties entered into a contract for appellee to purchase a home financed by the builder, appellant Jerry Brasfield. Appellee filed suit against appellant in June 2003, alleging that the contract was usurious and seeking an order voiding the contract as to the unpaid interest and for her attorney's fees. Appellee also alleged breach of contract and sought damages for work that was not completed on her home and repair of appellant's "shoddy construction." Appellant filed a general denial to the complaint and, in February 2004, filed a separate complaint against appellee for foreclosure and termination of their contract. The two lawsuits were consolidated in March 2005. The trial court granted appellee a partial summary judgment on her claim for usury, and it is this judgment that appellant appeals, contending that the trial

court erred in granting appellee a partial summary judgment, in refusing to estop appellee from raising the defense of usury, and in its calculation of interest due the appellee and its award of attorney's fees. Appellant states that the remaining issues involving foreclosure, quiet title, and termination of the land sale contract remain unresolved. From our review of the record, it also appears that appellee's claims for breach of contract and damages for uncompleted work remain pending.

Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure – Civil provides that an appeal may be taken only from a final judgment or decree entered by the trial court. The question of whether an order is final and subject to appeal is a jurisdictional question that this court will raise on its own. *Moses v. Hanna's Candle Co.*, 353 Ark. 101, 110 S.W.3d 725 (2003). Arkansas Rule of Civil Procedure 54(b) provides that, when more than one claim for relief is presented in an action or when multiple parties are involved, an order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not a final, appealable order. *See Hambay v. Williams*, 335 Ark. 352, 980 S.W.2d 263 (1998); *South County, Inc. v. First W. Loan Co.*, 311 Ark. 501, 845 S.W.2d 3 (1993).

Rule 54(b) allows a trial court, when it finds no just reason for delaying an appeal, to direct entry of a final judgment as to fewer than all the claims or parties by executing a certification of final judgment as it appears in Rule 54(b)(1). However, absent this required certification, any judgment, order, or other form of decision that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action. *See Jackson v. Delis*, 76 Ark. App. 436, 67 S.W.3d 596 (2002). No such certification was made in this case.

Accordingly, we do not have jurisdiction to decide this case, and the appeal is dismissed without prejudice.

Dismissed.