SLIP OPINION



Cite as 2015 Ark. App. 653

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-15-98

| | |
|---|---|
| MICHAEL MORRIS<br>APPELLANT/<br>CROSS-APPELLEE<br><br>V.<br><br>NICKOLAS KNOPICK<br>APPELLEE/<br>CROSS-APPELLANT | **Opinion Delivered** NOVEMBER 12, 2015<br><br>APPEAL FROM THE BAXTER COUNTY CIRCUIT COURT<br>[NO. CV 2008-112-3]<br><br>HONORABLE JOHN R. PUTMAN, JUDGE<br><br>DISMISSED WITHOUT PREJUDICE |

## CLIFF HOOFMAN, Judge

This appeal stems from a real-estate transaction for the transfer of a house, thirty acres of land, and some items of personalty in Baxter County, Arkansas. Both parties challenge the trial court's judgment on appeal. However, we do not reach the merits of this appeal because we conclude that this case must be dismissed for lack of a final order.

Michael Morris, the appellant and cross-appellee, initially listed for sale a house and thirty acres of land with Century 21 Realty. While the property was listed with Century 21 Realty, Nickolas Knopick, the appellee and cross-appellant, toured the house with a realtor from Lake River Land Realty.[1] After Morris's listing with Century 21 Realty had expired, Morris and Knopick began negotiations regarding the sale of the property. The relevant facts pertaining to those negotiations are in dispute. However, the ultimate result was that Morris

---

[1] Knopick had an exclusive-buyer agency with Lake River Land Realty.

entered into a real-estate contract for the sale of the property with Knopick's mother, Margaret Conti.[2] The contract included the conveyance of several items of personal property.

After the transaction had closed, Knopick determined that he had not received all of the items of personal property for which he had negotiated. And, as a result, Conti sued Morris to rescind the agreement or, alternatively, for damages.[3] In the complaint, she alleged that she was entitled to rescind the contract or, alternatively, damages because she was supposed to receive a Matco tool box, $150,000 worth of tools, wicker furniture, a washer and dryer, and a nightstand in the transaction.

A bench trial was held. The parties litigated only the issues of the tools and the Matco toolbox, and the trial court entered a judgment for Knopick wherein it awarded him damages from Morris in the amount of $92,000. These damages constitute the difference in the represented values of the tools and the toolbox and the actual value of the tools and the toolbox. The judgment did not dispose of the issues regarding the wicker furniture, the washer and dryer, or the nightstand. Both parties timely appealed the trial court's judgment; neither party abandoned any pending but unresolved claims in their notice of appeal.

Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil provides that an appeal may be taken only from a final judgment or decree entered by the trial court. While

---

[2] Conti was named as the buyer in this contract to circumvent Knopick's exclusive-buyer agency with Lake River Land Realty.

[3] The trial court allowed Knopick to intervene in the lawsuit as a necessary party, and at the trial of this matter, he was substituted for Conti as the real party in interest.

none of the parties raise the issue, the question of whether an order is final and subject to appeal is a jurisdictional question that this court will raise sua sponte. *Jones v. Huckabee*, 363 Ark. 239, 213 S.W.3d 11 (2005). An order is not final if it adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties. *Stockton v. Sentry Ins.*, 332 Ark. 417, 965 S.W.2d 762 (1998).

Here, the trial court's judgment fails to adjudicate all of Knopick's claims. Specifically, there is no ruling on the issues of the wicker furniture, the washer and dryer, and the nightstand. Accordingly, we must dismiss this appeal for lack of a final order.

Dismissed without prejudice.

VIRDEN and KINARD, JJ., agree.

*Ethredge & Copeland, P.A.*, by: *Johnnie A. Copeland*, for appellant.

*Robert S. Tschiemer*, for appellee.