SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV–15–443

|  |  |
|---|---|
| JOHN CECIL GREEN AND GAIL GREEN<br><br>APPELLANTS<br><br>V.<br><br>DAVID STUEVE<br><br>APPELLEE | **Opinion Delivered** January 27, 2016<br><br>APPEAL FROM THE LOGAN COUNTY CIRCUIT COURT, NORTHERN DISTRICT<br>[NO. 42PCV–13–66]<br><br>HONORABLE DAVID H. MCCORMICK, JUDGE<br><br>APPEAL DISMISSED WITHOUT PREJUDICE |

## M. MICHAEL KINARD, Judge

Appellants John and Gail Green appeal from an order setting aside two deeds conveying property from appellee David Stueve to John Green. On appeal, the Greens argue that it was error to set aside the deeds based on undue influence and failure of consideration. Because the order appealed from is not a final order, we dismiss the appeal without prejudice.

In 2013, Anita Fay filed a petition against David Stueve and John and Gail Green. Fay sought partition of a 120-acre tract of property in Logan County. Fay asserted that she and Stueve, her brother, were deeded the property in 1996 as joint tenants with right of survivorship. Stueve later conveyed his interest to Green per two deeds, but Stueve remained in possession of the property. Fay requested that she be awarded one-half of the mineral interest and one-half of the proceeds of a sale of the surface property. Fay also

requested that the Greens and/or Stueve be enjoined and restrained from further engaging in timber removal and significant landscaping activity, which had changed the topography and natural state of the property. Lastly, Fay alleged that she was entitled to judgment for any damages done to the property as a result of the landscaping activities and for her proportionate share of any timber removed from the property.

Stueve filed a cross-claim against the Greens, alleging that the deeds were obtained by fraud, deception, and undue influence and that there was a failure of consideration. He sought for the deeds to be set aside and for actual and punitive damages as a result of John Green's conduct. Green then filed a cross-claim against Stueve, alleging that he had performed work and invested funds in the property in return for the deeds. Green requested that Stueve be ordered to reimburse him if he was required to surrender title.

The trial court entered an order on October 22, 2014, stating that the issues raised by Fay versus Stueve and the Greens were continued and would be reset for trial following the court's ruling on the issues of property ownership between Stueve and the Greens. A bench trial was held on the cross-claims, and the trial court entered an order setting aside the deeds from Stueve upon finding that Green had exercised undue influence and that there was a failure of consideration. On Green's cross-claim, the trial court awarded him a $10,125 judgment for trackhoe work done on the property. The order stated that the partition action was reserved and would be heard at a later date. Green filed a timely notice of appeal from this order. Stueve has filed a motion to dismiss the appeal, asserting that the trial court's order setting aside the deeds is not a final order because the claims raised in Fay's petition for

partition, as well as other claims, are still pending.

Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil provides that an appeal may be taken only from a final judgment or decree entered by the trial court. *J-McDaniel Const. Co. v. Dale E. Peters Plumbing Ltd.*, 2013 Ark. 177. Under Arkansas Rule of Civil Procedure 54(b), an order that fails to adjudicate all the claims as to all the parties, whether presented as claims, counterclaims, cross-claims, or third-party claims, is not final for purposes of appeal. *Id.* Although Rule 54(b) provides a method by which the trial court may direct entry of final judgment as to fewer than all the claims or parties, where there is no attempt to comply with Rule 54(b), the order is not final, and we must dismiss the appeal. *Id.*

The Greens argue that the order is final or, alternatively, that it is appealable pursuant to Arkansas Rule of Appellate Procedure–Civil 2(a)(2) as "an order which in effect determines the action and prevents a judgment from which an appeal might be taken." We disagree. The order is not final because Fay's claims for partition, an injunction, and damages against both Stueve and the Greens are still outstanding, as is Stueve's claim for damages against the Greens. Furthermore, the order does not prevent a judgment from which an appeal might be taken; once these claims are resolved, a judgment can be entered from which the Greens may take an appeal.

The Greens also argue that the trial court effectively split the partition action and the cross-claims into two different cases and that, for jurisdictional purposes, the partition action is a distinct, separable branch of litigation. A circuit court, in furtherance of convenience or

to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim or issue. Ark. R. Civ. P. 42(b). Additionally, Arkansas Rule of Civil Procedure 21 provides that any claim against a party may be severed and proceeded with separately. Separate trials under Rule 42 are distinguishable from severance of claims. *Ellis v. Agriliance, LLC*, 2012 Ark. App. 549. When separate trials are ordered, the case as a whole remains intact and a single judgment is ultimately entered. *Id.* Consequently, an appeal from one of the trials does not result in a final judgment. *Id.* By contrast, severed claims become independent actions, each of which would presumably yield a final order upon completion. *Id.* Here, as in *Ellis*, there were no separate docket numbers issued to distinguish severed actions, and the trial court entered orders pertaining to all the parties. The trial on the cross-claims was merely a separate trial that did not result in a final judgment in the absence of a Rule 54(b) certificate.

The Greens lastly contend that the appeal should be allowed pursuant to Rule 54(b) because they would suffer substantial and irreparable harm by waiting for the conclusion of the partition action. However, when no such certification is made by the trial court, we must dismiss the appeal without prejudice. *Wright v. Viele*, 2012 Ark. App. 459.

Appeal dismissed without prejudice.

VIRDEN and GLOVER, JJ., agree.

*Morton Law Group, PLLC*, by: *Joshua L. Bailey*; and *Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellants.

*Rush & Rush*, by: *David L. Rush*, for appellee.