

# ARKANSAS COURT OF APPEALS

## DIVISION III
**No.** CV-15-1

| | |
|---|---|
| | **Opinion Delivered** February 10, 2016 |
| TIERRA STEWART AND RANDALL STEWART<br><br>APPELLANTS | APPEAL FROM THE DREW COUNTY CIRCUIT COURT [NO. CV-2012-58-4] |
| V. | HONORABLE DON GLOVER, JUDGE |
| THE ESTATE OF BOBBY NOLAN HERRING<br><br>APPELLEE | DISMISSED WITHOUT PREJUDICE |

### BRANDON J. HARRISON, Judge

The guardianship estate of Bobby Nolan Herring filed suit against Tierra Stewart and Randall Stewart in the Drew County Circuit Court, Civil Division, in April 2012. Tierra served as Bobby Herring's guardian from August 2007 until January 2012. The estate filed an amended complaint in March 2013; the March 2013 complaint is the operative one here. In it, the estate alleged three causes of action against Tierra individually for breach of fiduciary duty, failure to file an accounting, and conversion. The estate also brought counts of civil conspiracy, unjust enrichment, and fraud against Tierra and Randall jointly. It asked for restitution, for certain deeds and a mobile home bill of sale to be set aside, and for the circuit court to award punitive damages.

The case was tried by a two-day bench trial in March and April 2013. The circuit court entered a seventeen-page written order in June 2014. The order recites a lengthy

history of the case, including the estate's allegations concerning all six causes of action it had alleged against the Stewarts. The court made certain findings about the statute of limitations. Next, the court made findings of fact on certain counts: breach of fiduciary duty, conversion, unjust enrichment, and accounting. The court then awarded the estate $42,355 in damages against Tierra individually and $9,900 against Tierra and Randall jointly. The Stewarts filed a timely notice of appeal from the June order.

No party has raised the issue, but whether an order is final for appeal purposes is a jurisdictional point that we must often raise on our own. Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil (2015) states that an appeal may be taken from a final judgment or decree. A final order is one that dismisses the parties, discharges them from the action, or concludes their rights to the subject matter in controversy. *Davis v. Brown*, 2011 Ark. App. 789. Absent a final order or a properly executed certificate from the circuit court making an "express determination, supported by specific factual findings, that there is no just reason for delay," then an order that fails to adjudicate all of the parties' claims cannot be appealed. Ark. R. Civ. P. 54(b) (2015).

Here, the circuit court did not address the estate's civil-conspiracy or fraud claims, and the record does not contain a Rule 54(b) certificate or any written orders dismissing these claims. The appealed order is also silent on the request to set aside certain deeds and on the estate's demand for punitive damages. This means that the June 2014 order that the Stewarts have appealed is not a final one for appellate-review purposes. *See, e.g.*, *City of Corning v. Cochran*, 350 Ark. 12, 15, 84 S.W.3d 439, 441 (2002). We therefore dismiss the appeal for lack of a final order.

Dismissed without prejudice.

VAUGHT and HIXSON, JJ., agree.

*Joseph P. Mazzanti III*, for appellants.

*Hashem Law Firm, PLC*, by: *Hani W. Hashem*, for appellee.