SLIP OPINION
Cite as 2017 Ark. App. 167


# ARKANSAS COURT OF APPEALS

DIVISION III

**No.** CV-16-716

| | |
|---|---|
| | **Opinion Delivered:** March 15, 2017 |
| JOHN CECIL GREEN AND GAIL GREEN <br>            APPELLANTS <br><br> V. <br><br> DAVID STUEVE <br>            APPELLEE | APPEAL FROM LOGAN COUNTY CIRCUIT COURT, NORTHERN DISTRICT [NO. 42PCV-13-66] <br><br> HONORABLE DAVID MCCORMICK, JUDGE <br><br> DISMISSED WITHOUT PREJUDICE |

## BART F. VIRDEN, Judge

This case is before us again after we previously dismissed it due to the lack of a final order. *See Green v. Stueve*, 2016 Ark. App. 46. In this appeal, John and Gail Green assert that the Logan County Circuit Court clearly erred when it set aside two deeds conveying property from appellee David Stueve to John Green. We again dismiss the appeal for lack of a final order.

This case began in 2013 when Anita Fay, David Stueve's sister, filed a petition against Stueve and the Greens seeking partition of a 120-acre tract of property. Fay asserted that she and Stueve had been deeded the property in 1996 as joint tenants with right of survivorship. Stueve later conveyed his interest to Green per two deeds, but Stueve remained in possession of the property. Fay requested that she be awarded one-half of the mineral interest and one-half of the proceeds of a sale of the surface property. Fay also requested that the Greens and/or Stueve be enjoined and restrained from further engaging

in timber removal and significant landscaping activity, which had changed the topography and natural state of the property. Lastly, Fay alleged that she was entitled to judgment for any damage to the property as a result of the landscaping activities and for her proportionate share of any timber removed from the property.

Stueve filed a cross-claim against the Greens alleging that the deeds were obtained by fraud, deception, and undue influence and that there was a failure of consideration. He sought for the deeds to be set aside and for actual and punitive damages as a result of John Green's conduct. Green then filed a cross-claim against Stueve, alleging that he had performed work and invested funds in the property in return for the deeds. Green requested that Stueve be ordered to reimburse him if he was required to surrender title.

The trial court entered an order on October 22, 2014, stating that the issues raised by Fay versus Stueve and the Greens were continued and would be reset for trial following the court's ruling on the issues of property ownership between Stueve and the Greens. A bench trial was held on the cross-claims, and the trial court entered an order setting aside the deeds from Stueve upon finding that Green had exercised undue influence and that there was a failure of consideration. On Green's cross-claim, the trial court awarded him a $10,125 judgment for trackhoe work done on the property. The order stated that the partition action was reserved and would be heard at a later date. Green appealed from this order. Stueve filed a motion to dismiss the appeal, asserting that the trial court's order setting aside the deeds was not a final order.

In our prior opinion, we held that the order was not final because Fay's claims for partition, an injunction, and damages against both Stueve and the Greens were still pending.

We held that "once these claims are resolved, a judgment can be entered from which the Greens may take an appeal." *Green*, 2016 Ark. App. 46, at 3.

Since the dismissal of the prior appeal, Stueve conveyed his interest in the property to Stephen Haller. Also, on May 11, 2016, Fay filed a motion to voluntarily dismiss her complaint for partition, and on May 17, 2016, the trial court granted the nonsuit.

The issue of finality remains. Stueve's claim for damages has not been resolved as far as we can tell from our review of the record. As we set forth before, this must be resolved before the order is final and appealable. Furthermore, though it is difficult to imagine a circumstance where Fay might refile her claim for partition now that she has divested herself of her interest in the disputed property, a nonsuit is not a dismissal with prejudice, and technically it is possible for Fay to refile; thus, this issue of finality remains. *See Crockett v. C.A.G. Invs., Inc.*, 2010 Ark. 90, at 10, 361 S.W.3d 262, 267.

Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil provides that an appeal may be taken only from a final judgment or decree entered by the trial court. *J-McDaniel Constr. Co. v. Dale E. Peters Plumbing Ltd.*, 2013 Ark. 177. Under Arkansas Rule of Civil Procedure 54(b), an order that fails to adjudicate all the claims as to all the parties, whether presented as claims, counterclaims, cross-claims, or third-party claims, is not final for purposes of appeal. *Id*. Although Rule 54(b) provides a method by which the trial court may direct entry of final judgment as to fewer than all the claims or parties, where there is no attempt to comply with Rule 54(b), the order is not final, and we must dismiss the appeal.

We also note that the notice of appeal was not included in the addendum as required by Arkansas Supreme Court Rule 4–2 and that the page numbers in the addendum were not always visible. If appellant chooses to refile when the finality issues have been resolved, counsel is strongly encouraged to review Rule 4–2 in its entirety and particularly as it relates to the addendum to ensure that there are no additional deficiencies.

Dismissed without prejudice.

GRUBER, C.J., and WHITEAKER, J, agree.

*Hogue Law Firm, PLLC*, by: *Joshua L. Bailey*, for appellants.

*Rush & Rush*, by: *David L. Rush*, for appellee.