

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-16-868

|  |  |
|---|---|
| PUBLIC EMPLOYEE CLAIMS DIVISION<br>APPELLANT | **Opinion Delivered** APRIL 12, 2017<br><br>APPEAL FROM THE CARROLL COUNTY CIRCUIT COURT EASTERN DISTRICT<br>[NO. 08CV-13-38] |
| V. |  |
| GARY CLARK AND NORTH ARKANSAS LIVESTOCK AUCTION, INC.<br>APPELLEES | HONORABLE SCOTT JACKSON, JUDGE<br><br>DISMISSED WITHOUT PREJUDICE |

**N. MARK KLAPPENBACH, Judge**

Appellant Public Employee Claims Division (PECD) appeals the "Order to Distribute Funds" entered by the Carroll County Circuit Court on July 7, 2016. Because the order from which the appeal has been taken is not a final, appealable order, we dismiss without prejudice.

The chronology of events is necessary to explain our conclusion. Appellee Gary Clark is an employee of the Arkansas Livestock and Poultry Commission. Clark is a veterinary livestock inspector. In 2010, Clark was injured on the job by a bull, and Clark was paid workers' compensation benefits for his injuries. In 2013, Clark filed a negligence suit against the entity responsible for the facility where the accident happened, appellee North Arkansas Livestock Auction, Inc. (NALA). In 2015, PECD moved to intervene in order to establish a first lien against proceeds of the lawsuit for purposes of recovering on its payment of

SLIP OPINION

workers' compensation benefits. NALA and Clark did not object to the intervention, and the trial court permitted PECD to file its complaint in intervention. In February 2016, $75,000 was deposited into the registry of the court. In May 2016, a hearing was conducted on the matter of distributing the interpleaded money. As a result, the trial court entered the July 2016 order on appeal, which mentioned that Clark and NALA "previously settled [Clark's] cause of action and part of that settlement was to place $75,000 on deposit with the Carroll County Circuit Clerk and to be distributed based upon the Court's adjudication of intervenor's complaint." The trial court permitted PECD a first lien on the deposited funds to allow it to receive two-thirds of the money after payment of costs of collection. The trial court ordered that PECD receive $23,345. PECD filed a timely notice of appeal from the order to distribute the funds and ordered the entire trial court record. PECD argues on appeal that the circuit court (1) did not abide by statutory mandates regarding distribution of the funds, and (2) failed to award an appropriate sum of money to PECD.

While no party has raised this issue, the question of whether an order is final and subject to appeal is a jurisdictional question that the appellate court will raise sua sponte. S*earcy Cty. Counsel for Ethical Gov't v. Hinchey*, 2011 Ark. 533. Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil provides that an appeal may be taken only from a final judgment or decree entered by the circuit court. *Id*. Under Arkansas Rule of Civil Procedure 54(b), an order that fails to adjudicate all the claims as to all the parties, whether presented as claims, counterclaims, cross-claims, or third-party claims, is not final for purposes of appeal. *Dodge*

SLIP OPINION

*v. Lee*, 350 Ark. 480, 88 S.W.3d 843 (2002). Although Rule 54(b) provides a method by which the circuit court may direct entry of final judgment as to fewer than all the claims or parties, where there is no attempt to comply with Rule 54(b), the order is not final, and we must dismiss the appeal. *Harrill & Sutter, PLLC v. Farrar*, 2011 Ark. 181; *Jacobs v. Collison*, 2015 Ark. App. 420.

The circuit court in this case did not dispose of Clark's negligence complaint against NALA. There is no order of dismissal in the appellate record, and the order to distribute funds did not dismiss Clark's complaint. Therefore, Clark's negligence complaint remains outstanding. There is no final order, and we must dismiss the appeal without prejudice. *Chitwood v. Chitwood*, 2013 Ark. 195; *Ford Motor Co. v. Washington*, 2012 Ark. 325; *Crafton, Tull, Sparks & Assocs. v. Ruskin Heights, LLC*, 2012 Ark. 56.

We take this opportunity to note that PECD has filed a brief that is not in compliance with Arkansas Supreme Court Rule 4–2 (2016). Our appellate briefing rules require that an appellant abstract "the material parts of all the transcripts (stenographically reported material) in the record." Ark. Sup. Ct. R. 4–2(a)(5). PECD provided an abstract of the pertinent hearing. However, PECD also attached a verbatim copy of the hearing transcript in its addendum, which is improper. Rule 4–2(a)(8) mandates that an appellant's addendum contain "copies of the non-transcript documents in the record on appeal[.]" In any subsequent brief, the addendum should not contain a copy of the hearing transcript. In addition, Rule 4–2(a)(7) requires that, in an appellant's argument section of the brief, reference to material found in

SLIP OPINION

the abstract and addendum "be followed by a reference to the page number of the abstract or addendum at which such material may be found." Here, PECD's argument contains references to the improperly-attached transcript in the addendum instead of the abstract of that transcript, as well as references to the record page number. These references are not proper and do not comply with appellate briefing rules. Similarly, appellant's statement of the case contains improper references directly to the record page number and to the improperly attached transcript in the addendum. Rule 4-2(a)(6) mandates that the statement of the case "include supporting page references to the abstract or addendum or both." While we have noted these briefing deficiencies, this is in no way to be construed as an exhaustive list of all possible deficiencies. We encourage appellant, prior to filing any subsequent brief, to review our rules to ensure that no additional deficiencies are present. *See Bulsara v. Watkins*, 2010 Ark. 453.

Appeal dismissed without prejudice.

ABRAMSON and VAUGHT, JJ., agree.

*Robert H. Montgomery*, Public Employee Claims Division, for appellant.

*Ray Hodnett*, for appellee.