
# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-16-963

| | |
|---|---|
| ARTIE GREEN'S AUTO REPAIR & BODY SHOP, INC., AND ARTHUR GREEN, JR.<br><br>APPELLANTS<br><br>V.<br><br>PHILLIP JOHNSON<br><br>APPELLEE | Opinion Delivered: May 17, 2017<br><br>APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CV-13-640]<br><br>HONORABLE GARY ARNOLD, JUDGE<br><br>DISMISSED WITHOUT PREJUDICE |

## KENNETH S. HIXSON, Judge

Appellants Artie Green's Auto Repair and Body Shop, Inc., and Arthur Green, Jr., appeal after the Saline County Circuit Court denied their petition to declare Arkansas Code Annotated section 16-66-221 (Repl. 2005) unconstitutional. Appellants argue on appeal that the circuit court erred because section 16-66-221 intrudes on the Arkansas Supreme Court's exclusive authority over pleading, practice, and procedure pursuant to amendment 80 section 3 of the Arkansas Constitution. However, we dismiss this appeal without prejudice for lack of a final order.

This case originates from a default judgment awarding appellee Phillip Johnson a total of $9,283.16 against appellants on March 4, 2014. After appellants failed to satisfy the judgment or prepare a schedule, verified by affidavit, of all their property pursuant to Arkansas Code Annotated section 16-66-221, appellee filed a motion to compel and to show cause. Appellee requested that the circuit court compel appellants to comply with the

statute, to show cause as to why sanctions should not be imposed, and to award appellee attorney's fees and costs. The circuit court filed an order to show cause.

Appellants subsequently filed a petition to declare Arkansas Code Annotated section 16-66-221 unconstitutional because it violates amendment 80 to the Arkansas Constitution in that it is a procedural matter in the exclusive purview of the Arkansas Supreme Court. After considering appellee's response, oral arguments, and posthearing briefs regarding appellants' petition, the circuit court filed an order denying appellants' petition and declared section 16-66-221 constitutional.

> 2. Ark. Code Ann. § 16-66-221 satisfies the definition of substantive law in that it creates a right of information for a creditor, a corresponding duty for a judgment debtor to adhere to disclosure of the same, and as such it is a regulation of powers between parties to a lawsuit as it relates to property subject to execution by virtue of a final judgment.
>
> 3. The essence of the statute is to create a right and corresponding duty between parties, which is clearly under the realm of substantive law. In particular, the statute clearly "defines the specific rights or duties themselves," articulated within the definition of substantive law. It is not a violation of the separation-of-powers doctrine or Amendment 80, and any procedural aspects of the statute is otherwise allowed for by Rule 81 of the Arkansas Rules of Civil Procedure.
>
> 4. IT IS THEREFORE CONSIDERED, ORDERED, ADJUDGED AND DECREED by this Court that Ark. Code Ann. § 16-66-201 is upheld as constitutional.

This appeal followed.

While no party has raised this issue, whether an order is final for appeal purposes is a jurisdictional question that this court will raise sua sponte. *Hotfoot Logistics, LLC v. Shipping Point Mktg., Inc.*, 2012 Ark. 76. Arkansas Rule of Appellate Procedure–Civil 2(a)(1) (2016) provides that an appeal may be taken only from a final judgment or decree entered by the circuit court. Arkansas Rule of Civil Procedure 54(b) (2016) provides that when more than

one claim for relief is presented in an action or when multiple parties are involved, an order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not a final, appealable order. *Brasfield v. Murray*, 96 Ark. App. 207, 239 S.W.3d 551 (2006). Rule 54(b) allows a circuit court, when it finds no just reason for delaying an appeal, to direct entry of a final judgment as to fewer than all the claims or parties by executing a certification of final judgment as it appears in Rule 54(b)(1). However, absent this required certification, any judgment, order, or other form of decision that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action. *Brasfield*, *supra*. No such certification was made in this case.

Here, the circuit court's order specifically declared the statute in question constitutional. However, the order did not address or dispose of appellee's pending motion to compel or to show cause. "The mere fact that the constitutionality of a law may be involved in the decision on a motion would not of itself render the decision on such motion a final order or judgment." *State v. Greenville Stone & Gravel Co.*, 122 Ark. 151, 155, 182 S.W. 555, 556 (1916). In *Thomas v. City of Fayetteville*, 2012 Ark. 120, our supreme court dismissed an appeal for lack of a final order when a circuit court granted the City's motion for order of immediate possession in an eminent domain case. In part, Thomas had argued that statutory authority for the condemnation violated both the federal and state constitutions. *Id.* Although the circuit court did not find merit in Thomas's argument and granted the City's petition, the circuit court did not consider the main issue of the amount of just compensation. *Id.* As such, our supreme court dismissed the appeal to avoid piecemeal litigation. *Id.*

3

Additionally, in *Tucker v. Lake View School District Number 25 of Phillips County*, 323 Ark. 693, 917 S.W.2d 530 (1996), our supreme court dismissed an appeal for lack of finality where the circuit court declared the school-funding system unconstitutional but did not consider the constitutionality of the individual elements of the system nor address Lake View's requests for injunctive relief and mandamus. *Id.* Thus, our supreme court held that the requirements for finality had not been met. *Id.*

Finally, in *Ellis v. Ellis*, 2016 Ark. App. 411, 501 S.W.3d 387, the circuit court's purported final order failed to address a pending motion for contempt. The circuit court had entered a show-cause order and even orally held that it was not finding Ellis in contempt; however, a written order after the court's oral announcement from the bench was never entered. We held that a circuit court must dispose of all pending issues in writing, including motions for contempt, in the absence of a valid Rule 54(b) certificate. *Id.*; *see also Canady v. Garrett*, 2009 Ark. App. 882 (per curiam). Because the record we have before us does not reflect that the circuit court disposed of appellee's pending motion, and because the circuit court's order does not include a Rule 54(b) certificate, we lack jurisdiction over the instant appeal and dismiss this appeal without prejudice.

Dismissed without prejudice.

GRUBER, C.J., and KLAPPENBACH, J., agree.

*The Baxter Law Firm*, by: *J. Ray Baxter*, for appellants.

*Jurist Law Group, PLLC*, by: *J. Shane Cox*, for appellee.