Cite as 2020 Ark. App. 148

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV-19-411

| | |
|---|---|
| | **Opinion Delivered:** February 26, 2020 |
| LARRY WAYNE TABOR AND VIRA M. TABOR D/B/A K & L ROOFING<br>APPELLANTS | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT<br>[NO. 63CV-16-434] |
| V. | HONORABLE GARY ARNOLD, JUDGE |
| CASTLE INVESTMENTS, LLC<br>APPELLEE | APPEAL DISMISSED WITHOUT PREJUDICE |

**KENNETH S. HIXSON, Judge**

Appellant Larry Wayne Tabor[1] appeals from the Saline County Circuit Court's February 8, 2019, order entered in favor of appellee Castle Investments, LLC (Castle), after a bench trial. Although Mr. Tabor raises several points on appeal for reversal, we must dismiss without prejudice for lack of a final judgment.

Justin Properties (Justin) owned Summerwood Apartments (Summerwood) in Benton. In 2011, Justin contracted with Larry Wayne Tabor and Vira M. Tabor d/b/a K

---

[1]The pro se notice of appeal in this case provides that the appellants are Larry Wayne Tabor and Vira M. Tabor d/b/a K & L Roofing. However, the notice of appeal was signed only by appellant Larry Wayne Tabor. Although he purports to represent individuals other than himself, including his wife, Vira M. Tabor, he is not a licensed attorney and may not represent the interests of others. Therefore, to the extent that he filed pleadings on behalf of others, such actions are nullities. *See Davidson Props., LLC. v. Summers*, 368 Ark. 283, 244 S.W.3d 674 (2006); *Elder v. Mark Ford & Assocs.*, 103 Ark. App. 302, 288 S.W.3d 703 (2008). Thus, we address only Mr. Tabor's claims on appeal.

& L Roofing to install roofing on the apartment buildings at Summerwood. The roofing job was accompanied by a five-year warranty. Approximately four years later in 2015, Castle purchased Summerwood from Justin. Shortly thereafter, shingles began to fall off some of the apartment buildings at Summerwood. Castle requested that K & L Roofing repair the roofs under the five-year warranty. Mr. Tabor made some repairs under the warranty, but after the problems persisted, Mr. Tabor refused to continue to perform the warranty repairs, contending that the five-year labor warranty had not transferred from Justin to Castle after the sale of the property. Thereafter, Castle filed its claims for breach of express warranty, breach of implied warranty, unjust enrichment, and violations of the Arkansas Deceptive Trade Practices Act (ADTPA) against Larry Wayne Tabor and Vira M. Tabor d/b/a K & L Roofing.

Larry Tabor and Vira Tabor, individually, filed their answers generally denying the allegations made in Castle's amended complaint. A bench trial was held on January 29, 2019. On the day of trial, Castle orally moved to dismiss its claim for violations of the ADTPA; however, a written order of dismissal is not contained in our record on appeal. After the trial, the circuit court granted a judgment in favor of Castle and made the following relevant findings:

> 1. Larry Tabor and Vira Tabor operated K & L Roofing as a general partnership since 2011, and therefore both Defendants are jointly and severally liable for the judgment against them in this case.
>
> 2. K & L Roofing breached an express warranty to repair any roof damage, excluding storm damage, on the Plaintiff's property's roof when damage occurred during the life of the warranty due to the roof's failure.
>
> 3. Alternatively, K & L Roofing breached an implied warranty to repair any roof damage, excluding storm damage, on the Plaintiff's property's roof when

2

damage occurred during the life of the warranty due to the roof's failure. Defendants had notice of the damage but refused to honor the warranty.

4. Defendants were unjustly enriched when it received monies for the roofing project but then did not honor the warranty.

5. The total amount of damages sustained as a result of the breach was $194,400.00. The total amount Defendants were unjustly enriched was $194,400.00.

IT IS, THEREFORE, CONSIDERED, ORDERED, AND ADJUDGED that judgment is hereby entered in favor of Plaintiff. Defendants are to pay Plaintiff's attorneys' fees and costs.

This appeal followed.

Whether an order is final for purposes of appeal is a jurisdictional question that this court will raise sua sponte. *Hotfoot Logistics, LLC v. Shipping Point Mktg., Inc.*, 2012 Ark. 76. Arkansas Rule of Appellate Procedure–Civil 2(a)(1) (2019) provides that an appeal may be taken only from a final judgment or decree entered by the circuit court. Arkansas Rule of Civil Procedure 54(b) provides that, when more than one claim for relief is presented in an action or when multiple parties are involved, an order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not a final, appealable order. *Brasfield v. Murray*, 96 Ark. App. 207, 239 S.W.3d 551 (2006). Rule 54(b) allows a circuit court, when it finds no just reason for delaying an appeal, to direct entry of a final judgment as to fewer than all the claims or parties by executing a certification of final judgment as it appears in Rule 54(b)(1). However, absent this required certification, any judgment, order, or other form of decision that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action. *Id*. No such certification was made in this case.

3

Here, the circuit court's February 8, 2019, order does not adjudicate Castle's claim for violations of the ADTPA. It is axiomatic that a dismissal is not effective until reduced to writing. *Yanmar Co. v. Slater*, 2011 Ark. App. 167. In the absence of a written dismissal order on claims that have been withdrawn or orally dismissed, the circuit court's judgment on other claims in the lawsuit is not final and appealable. *See Bevans v. Deutsche Bank Nat'l Tr. Co.*, 373 Ark. 105, 281 S.W.3d 740 (2008); *Trakru v. Mathews*, 2011 Ark. App. 750. Because the record before us contains no written orders disposing of or adjudicating all Castle's causes of action, we must dismiss the appeal for lack of a final order.

We also take this opportunity to note that appellant's brief is deficient and encourage appellant to review our briefing requirements in their entirety if he chooses to refile when the finality issues have been resolved. Appellant's table of contents fails to reference the abstract page number on which each witness's testimony begins or the page number where each document begins in the addendum as required. Ark. Sup. Ct. R. 4-2(a)(1). Moreover, our review indicates that appellant's abstract does not offer an impartial condensation of the record, as he fails to include significant portions of the testimony and arguments presented at trial. *See* Ark. Sup. Ct. R. 4-2(a)(5). He also presents the abstract in question-and-answer format, which is expressly prohibited unless in "the extraordinary situations where a short exchange cannot be converted to a first-person narrative without losing important meaning." *Id*. Finally, appellant's addendum fails to include all documents essential to this court's resolution of the issues on appeal, including at a minimum his amended notice of appeal in addition to his first notice of appeal; amended motion for new trial; the February 8, 2019, order; and all necessary supporting documents attached to those pleadings. *See*

4

Ark. Sup. Ct. R. 4-2(a)(8).  While we have noted these briefing deficiencies, this is in no way to be construed as an exhaustive list of all possible deficiencies.  We encourage appellant, prior to filing any subsequent brief, to review our rules to ensure that no additional deficiencies are present.  *See Pub. Emp. Claims Div. v. Clark*, 2017 Ark. App. 224, 519 S.W.3d 333; *Green v. Stueve*, 2017 Ark. App. 167.

Appeal dismissed without prejudice.

WHITEAKER and MURPHY, JJ., agree.

*Larry Wayne Tabor* and *Vira M. Tabor*, pro se appellants.

*Cox, Sterling, McClure & Vandiver, PLLC*, by: *Melanie J. McClure* and *Dylan Botteicher*, for appellee.