Cite as 2024 Ark. App. 49

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-23-193

| | |
|---|---|
| | **Opinion Delivered** January 24, 2024 |
| MARTY LANE TAYLOR AND ANGIE TAYLOR | APPEAL FROM THE MONTGOMERY COUNTY CIRCUIT COURT |
| APPELLANTS | [NO. 49CV-19-3] |
| V. | HONORABLE MARK HEWETT, JUDGE |
| ESTATE OF ROSE ANN LEWIS | MOTION TO DISMISS GRANTED; |
| APPELLEE | APPEAL AND CROSS-APPEAL DISMISSED WITHOUT PREJUDICE |

**KENNETH S. HIXSON, Judge**

Appellants Marty Lane Taylor and Angie Taylor appeal from the Montgomery County Circuit Court's judgment filed on November 30, 2022, in favor of appellee, the estate of Rose Ann Lewis, deceased, after a bench trial. On appeal, appellants argue that the circuit court erred when it ordered them to sell real property described in a warranty deed to fulfill the conditions of a collateral unrecorded agreement. However, before we can address the merits of their argument, we must first address appellee's motion to dismiss this appeal on the basis that the there is a lack of a final order. Because we have determined that appellee's motion to dismiss has merit, we dismiss this appeal and cross-appeal without prejudice.

The complaint in this case was filed on January 3, 2019, by appellee, the estate of Rose Ann Lewis. The complaint alleged that Anna and Delmer Taylor (Marty Lane Taylor and Rose Ann Lewis's parents) executed a warranty deed reserving a life estate and an agreement to transfer a remainder interest in their real property to their son, Marty Taylor, in consideration for the promise that, upon their deaths, Marty would sell the real property and divide the proceeds equally with his sister, Rose Ann. The complaint alleged that Rose Ann predeceased Anna and Delmer Taylor and that, upon their deaths, Marty refused to sell the property and divide the proceeds with Rose Ann's estate. The complaint made the following claims against appellants: (1) the warranty deed is invalid because of lack of consideration; (2) the warranty deed is invalid because of breach of contract; (3) appellants should be required to fulfill the terms of the agreement because of promissory estoppel; (4) appellants should be required to fulfill the terms of the agreement because of unjust enrichment; (5) the personal property of Anna and Delmer Taylor should be split with the estate of Rose Ann Lewis; and (6) the estate of Rose Ann Lewis is entitled to attorney's fees, costs, and interest. Regarding the personal-property claim, appellee specifically alleged that at the time of their deaths, Anna and Delmer Taylor owned vehicles, all-terrain vehicles, lawn mowers, and sentimental items, such as photographs, birth certificates, and memorabilia. Appellee claimed that appellants had failed to file any probate documents or divide the personal property with appellee. As such, appellee asked that the court order an inventory to be filed and for appellee to have first choice of half of the sentimental items and to order that the other personal property be sold and split equally.

Appellants filed their answer on February 21, 2019. They generally denied the allegations and asked that the complaint be dismissed or denied and that they be awarded attorney's fees and costs.

A bench trial was held on September 23, 2022. On November 30, 2022, the circuit court filed the following judgment:

> 2. The December 15, 2005, Warranty Deed Reserving Life Estate is valid.
>
> 3. The December 15, 2005, Agreement is valid.
>
> Based on the foregoing findings of fact, the Court orders as follows:
>
> 1. The real property described in the December 15, 2005, Warranty Deed Reserving Life Estate and the December 15, 2005, Agreement is to be sold and the proceeds split between plaintiff and defendants.
>
> 2. Defendants are to sell the real property within six (6) months by a licensed real estate agent at a price agreed upon by the parties in writing. The parties may deviate from these requirements by an agreement in writing.
>
> 3. Plaintiff and defendants will each bear the costs of their own attorney's fees.

Appellants filed their notice of appeal. Their notice of appeal abandons any pending but unresolved claims on appeal pursuant to Ark. R. App. P.–Civ. 3(e)(vi). However, appellants cannot abandon any pending claims that were filed by appellee. We acknowledge that appellee filed a notice of cross-appeal; however, appellee's notice of cross-appeal does not abandon any pending but unresolved claims on appeal. We also note that although a notice of cross-appeal was filed, appellee did not file a cross-appellate brief but instead argued in its responsive brief that we should affirm the circuit court's order.

3

After the appeal was lodged with our court and fully briefed by both parties, appellee moved to dismiss. Appellee argues in its motion that the circuit court's judgment notably did not address its personal-property claim or state whether its order to sell the real property and split the proceeds between the parties was based on its breach-of-contract claim, promissory-estoppel claim, or unjust-enrichment claim. Appellee therefore alleges that the appeal must be dismissed for lack of a final order pursuant to *Stewart v. Estate of Herring*, 2016 Ark. App. 83, at 2, and *Morris v. Knopick*, 2015 Ark. App. 653, at 1. Because appellee's motion to dismiss was filed after both parties had filed their respective briefs on the merits, the motion was passed to the appellate panel for review. After a thorough review of the entire record by the panel, we hold that the motion to dismiss is meritorious because the judgment does not dispose of appellee's personal-property claim.

Whether an order is final for appeal purposes is a jurisdictional question that this court will raise sua sponte. *Hotfoot Logistics, LLC v. Shipping Point Mktg., Inc.*, 2012 Ark. 76. Arkansas Rule of Appellate Procedure–Civil 2(a)(1) provides that an appeal may be taken only from a final judgment or decree entered by the circuit court. Arkansas Rule of Civil Procedure 54(b) provides that when more than one claim for relief is presented in an action or when multiple parties are involved, an order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not a final, appealable order. *Brasfield v. Murray*, 96 Ark. App. 207, 239 S.W.3d 551 (2006). Rule 54(b) allows a circuit court, when it finds no just reason for delaying an appeal, to direct entry of a final judgment as to fewer than all the claims or parties by executing a certification of final judgment as it appears in

4

Rule 54(b)(1). However, absent this required certification, any judgment, order, or other form of decision that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action. *Brasfield*, *supra*; *Miracle Kids Success Acad., Inc. v. Maurras*, 2016 Ark. App. 445, 503 S.W.3d 94. No such certification was made in this case.

In *Stewart*, *supra*, the plaintiff brought claims of breach of fiduciary duty, failure to file an accounting, and conversion against one defendant, and claims of civil conspiracy, unjust enrichment, and fraud against that defendant and against another defendant jointly. After a bench trial, the circuit court made findings of fact on the counts of breach of fiduciary duty, conversion, unjust enrichment, and accounting. However, the circuit court did not address the civil-conspiracy or fraud claims. We dismissed the appeal for lack of a final order.

In *Morris*, *supra*, a dispute arose with respect to a real estate transaction. The buyer sued for rescission or, alternatively, for damages because she was supposed to receive a Matco toolbox; $150,000 worth of tools; wicker furniture; a washer and dryer; and a nightstand. After a bench trial, the circuit court awarded damages relating to the toolbox, but it did not dispose of the issues relating to the wicker furniture, washer and dryer, and nightstand. We dismissed the appeal for lack of a final order.

Here, in response, appellants argue that the order is final despite the fact that the order does not address personal property. They explain that the complaint does not set out enumerated claims and should therefore be construed as only one claim, even though appellee had repeatedly stated that it filed multiple claims throughout the record below.

Further, they point to some testimony during the trial and state that only a "brief mention is made of personal property, a topic that is immediately subsumed to questions regarding disposition of real estate." They further argue that trial counsel failed to specifically discuss the personal-property claim in closing argument. However, these arguments are unavailing.

Appellee's complaint specifically included the following claim regarding personal property:

### VII. THE PERSONAL PROPERTY OF ANNA J. TAYLOR AND DELMER P. TAYLOR SHOULD BE SPLIT WITH THE ESTATE OF ROSE ANN LEWIS

31. At the time of their deaths, Anna J. Taylor and Delmer P. Taylor also owned valuable personal property such as vehicles, all terrain vehicles, and lawn mowers. They also owned sentimental items such as photographs, birth certificates, and memorabilia.

32. Marty Lane Taylor and Angela Taylor have provided none of these items, or money from the sale of these items, to the Estate of Rose Ann Lewis.

33. Anna J. Taylor died intestate on December 23, 2014, and Delmer P. Taylor died intestate on May 16, 2016. No probate documents have been filed for either of them.

34. Since May 16, 2016, Marty Lane Taylor and Angela Taylor have had the full use and benefit of all of the personal property owned by Anna J. Taylor and Delmer P. Taylor prior to their deaths.

35. This Court should order Marty Lane Taylor and Angela Taylor to inventory the personal property owned by Anna J. Taylor and Delmer P. Taylor and provide an accounting to the Court.

36. Because of defendants' bad actions in this matter, the Court should allow the beneficiaries of the Estate of Rose Ann Lewis to have first choice of half of all the sentimental items owned by Anna J. Taylor and Delmer P. Taylor. The valuable personal property should be sold and split equally between the Estate of Rose Ann Lewis and Marty Lane Taylor.

6

Although appellants urge us to ignore this as a separately alleged claim in the complaint, we cannot do so. Further, even if proof was not sufficiently offered at trial to support this claim as appellants allege, that does not dispose of the claim without either appellee withdrawing it or the circuit court otherwise disposing of it in the court's order. *Stewart* and *Morris* are directly on point. Therefore, because the record before us does not reflect that appellee withdrew this claim or a written order disposing of or adjudicating all appellee's claims, we must grant appellee's motion to dismiss and dismiss this appeal and cross-appeal for lack of a final order.[1]

Motion to dismiss granted; appeal and cross-appeal dismissed without prejudice.

HARRISON, C.J., and ABRAMSON, J., agree.

*Story Law Firm, PLLC*, by: *Travis W. Story*, for appellants.

*Taylor & Taylor Law Firm, P.A.*, by: *Tory H. Lewis*, *Andrew M. Taylor*, and *Tasha C. Taylor*, for appellee.

---

[1]Although these documents are unnecessary to the disposition of appellee's motion to dismiss, we note that there appear to be deficiencies in the electronic record that will need to be corrected if any of the parties choose to file a subsequent appeal of this matter after obtaining a final order. Several exhibits were admitted during the trial in this case, but they are not included in the electronic record on appeal as required under Rule 3-3 of the Arkansas Rules of the Supreme Court. We encourage the parties to review the record on any subsequent appeal.

7