Cite as 2024 Ark. App. 352

# ARKANSAS COURT OF APPEALS
DIVISION II
No. CV-22-823

|  |  |  |
|---|---|---|
|  |  | Opinion Delivered May 29, 2024 |
| DOWELL ROAD, LLC | APPELLANT | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NO. 72CV-21-227] |
| V. |  |  |
|  |  | HONORABLE DOUG MARTIN, JUDGE |
| FIVE J FARMS, LC | APPELLEE | DISMISSED WITHOUT PREJUDICE |

**CINDY GRACE THYER, Judge**

This is an appeal from a Washington County Circuit Court order that granted summary judgment to appellee Five J Farms, LC (Five J), and against appellant Dowell Road, LLC (Dowell), on the basis of boundary by acquiescence and adverse possession. Dowell maintains on appeal that the circuit court erred by granting summary judgment because there were genuine issues of material fact in dispute as to both theories and because adverse-possession and boundary-by-acquiescence claims are mutually exclusive theories. However, because the circuit court failed to rule on Five J's trespass claim, we lack a final, appealable order and must dismiss this appeal without prejudice.

I. *Background Facts*

This appeal involves a property dispute between Five J and Dowell over approximately two acres of land. For context, Five J and Dowell own adjacent properties, with the Five J

property tracking along the eastern and southern boundaries of the Dowell property. Of note, there is also an old fence line that travels along both the eastern and southern boundaries of the Dowell property, but it is located anywhere from twenty-seven to fifty-two feet inside the Dowell property line as shown on the survey map. The disputed area is situated between the surveyed line and the fence line. See below:



Five J acquired title to its parcel of property by warranty deed in January 1996. Dowell acquired title to its parcel of property by warranty deed approximately twenty-four years later in February 2020. The old fence line at issue sits along a tree line and was present on what is now the Dowell property when Five J acquired title to its parcel.

After Dowell purchased its property in 2020, it commissioned a survey of the property. As a result of that survey, Dowell erected a new fence along the property line designated by the survey. The erection of the fence resulted in a dispute between Dowell and Five J over the ownership of the property between the two fence lines.

When the parties could not reach an agreement on the ownership of the disputed area, Five J filed suit in the Washington County Circuit Court seeking to quiet title. In its complaint, Five J claimed ownership of the property through boundary line by acquiescence and adverse possession. It also brought an action for trespass and removal of the newly erected fence at Dowell's expense. Dowell answered, generally denying the allegations in the complaint.

Five J subsequently moved for summary judgment, claiming it was entitled to have its quiet-title action decided as a matter of law. Dowell responded, arguing in part that there were genuine issues of material fact in dispute.

On October 11, 2022, the circuit court entered an order granting Five J's motion for summary judgment and quieting title in the disputed property in Five J. The order, however, did not adjudicate Five J's trespass claim seeking removal of the fence at Dowell's expense. Because the circuit court's order does not resolve Five J's outstanding trespass claim, the order before us is not final, and we lack jurisdiction to consider this appeal.

Whether an order is final and appealable is a jurisdictional question that this court will raise sua sponte. *Hotfoot Logistics, LLC v. Shipping Point Mktg., Inc.*, 2012 Ark. 76. Arkansas Rule of Appellate Procedure–Civil 2(a)(1) provides that an appeal may be taken only from a final judgment or decree entered by the circuit court. Arkansas Rule of Civil Procedure 54(b) provides that when more than one claim for relief is presented in an action or when multiple parties are involved, an order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not a final, appealable order. *Brasfield*

3

*v. Murray*, 96 Ark. App. 207, 239 S.W.3d 551 (2006). Rule 54(b) allows a circuit court, when it finds no just reason for delaying an appeal, to direct entry of a final judgment as to fewer than all the claims or parties by executing a certification of final judgment as it appears in Rule 54(b)(1). However, absent this required certification, any judgment, order, or other form of decision that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action. *Brasfield*, *supra*; *Miracle Kids Success Acad., Inc. v. Maurras*, 2016 Ark. App. 445, 503 S.W.3d 94. No such certification was made in this case.

Because Dowell has appealed from an order that is not final and there is no Rule 54(b) certification, its appeal is dismissed without prejudice.

Dismissed without prejudice.

BARRETT and BROWN, JJ., agree.

*RMP, LLC*, by: *Larry McCredy*, for appellant.

*Davis, Butt, Taylor & Clakr, PLC*, by: *William Jackson Butt II*, *Jacob T. Newcomb*, and *Constance G. Clark*, for appellee.