Cite as 2024 Ark. App. 588

# ARKANSAS COURT OF APPEALS
## DIVISION I
### No. CV-23-458

| | |
|---|---|
| OLE BUTTS | Opinion Delivered December 4, 2024 |
| APPELLANT | |
| | APPEAL FROM THE VAN BUREN |
| | COUNTY CIRCUIT COURT |
| V. | [NO. 71CV-22-161] |
| | |
| GOODE HOLDINGS, LLC & ARNOLD | HONORABLE SUSAN WEAVER, |
| EXCHANGE GROUP, LLC, D/B/A | JUDGE |
| FRONTIER SHED CO. | |
| APPELLEES | |
| | DISMISSED WITHOUT PREJUDICE |

**BART F. VIRDEN, Judge**

Appellant Ole Butts appeals from the Van Buren County Circuit Court's order dismissing without prejudice his complaint against appellees Goode Holdings, LLC ("Goode"), and Arnold Exchange Group, LLC, d/b/a Frontier Shed Co. ("Frontier"), in connection with the missing contents of a repossessed side-lofted barn ("barn shed") that he had rented from Frontier.[1] Butts argues that the trial court improperly decided factual issues in dismissing his claims for conversion, unjust enrichment, and negligence pursuant to Ark. R. Civ. P. 12(b)(6) and that the trial court also erred in concluding that his complaint failed

---

[1]When a complaint is dismissed without prejudice, the plaintiff has the option of pleading further or appealing. *Panhandle Oil & Gas, Inc. v. BHP Billiton Petroleum (Fayetteville), LLC*, 2017 Ark. App. 201, 520 S.W.3d 277.

to meet fact-pleading standards in compliance with Ark. R. Civ. P. 8. We dismiss this appeal without prejudice for lack of a final, appealable order.

## I. *Background*

In October 2022, Butts filed a complaint against Goode and Frontier alleging causes of action for conversion, unjust enrichment, accounting and judgment, and negligence. Goode moved to dismiss the complaint on Rule 12(b)(6) grounds and relied on provisions within its rental-purchase agreement disclaiming responsibility for liability and damages. Butts subsequently amended his complaint to add a claim for declaratory judgment, requesting that the rental-purchase agreement with Goode be declared void and unenforceable.

The amended complaint alleges that on April 2, 2022, Butts paid a security deposit to rent a barn shed from Frontier. Butts signed a rental-purchase agreement with Goode, which states that the initial term is one month and that the "renewal date" is May 5, 2022. The agreement provides that the lessee/rental customer, Butts, may "renew" the agreement by making a rental payment in advance for each term he wishes to rent the property—here, the barn shed. The agreement provides that, if Butts does not renew the agreement, Goode has the right to take possession of the barn shed. There is also a contents provision stating that, upon termination of the agreement for any reason, Butts agrees to remove all contents from the barn shed before returning it to Goode. The agreement provides that Goode is not responsible for any loss, damage, or destruction of any contents in the barn shed resulting from its repossession. The agreement further provides that, if the barn shed is not empty

2

when Goode retrieves it, Goode will hold the contents at Butts's "sole risk" for five days, but that, after the expiration of the five-day period, Goode may deem the contents abandoned. The agreement states that Goode may, in its sole discretion, keep the contents or dispose of them and will not owe Butts anything for the contents.

The barn shed was delivered to Butts's residence on April 21. Butts alleges in his amended complaint that he understood that the first monthly rental payment was not due until thirty days after delivery of the barn shed, meaning that the first payment was due May 21. In his amended complaint, Butts denied receiving any mail on April 25 regarding payment information or an email from the finance company on May 18 informing him that he had failed to make the first payment that was due on May 5 and of the company's efforts to contact him as well as the person he had listed as his reference. Butts conceded that he had changed his telephone numbers but alleged that he had informed Frontier's representative on or about May 3 of the change and watched the representative pull up his account on the computer and enter the updated information.

Butts alleged that on May 19, while he was away and without demand or notice to him, Goode instructed an employee of Frontier to repossess the barn shed. Butts alleged that he had personal property stored in the barn shed. He alleged that, when he learned the barn shed had been repossessed, he drove to Frontier's place of business to collect the contents of the barn shed and discovered that "someone had rummaged through the barn shed and removed property." Butts filed a police report for theft of property.

In its order dismissing Butts's amended complaint without prejudice, the trial court addressed the claims for conversion, unjust enrichment, accounting and judgment, and negligence by referring to provisions within the rental-purchase agreement setting forth the parties' rights and duties. For example, the trial court noted that, while the date of May 5 is listed in the rental-purchase agreement, the date of May 21 is not referenced at all. The trial court found that, in any event, Butts's amended complaint did not allege that he had made a payment on or before May 5, May 19, or May 21. The trial court further found that, according to the amended complaint, more than five days had passed since Goode's repossession before Butts attempted to retrieve the contents of the barn shed and that some of Butts's property had been disposed of by that time. The trial court pointed out that the amended complaint did not allege that Butts had been prohibited from collecting his property that remained in the barn shed. Despite these observations, the trial court did not address Butts's fifth cause of action in the amended complaint—that the rental-purchase agreement was void and unenforceable—the resolution of which likely would have affected the outcome of Butts's other causes of action.

Butts has appealed from the trial court's order dismissing his complaint without prejudice. In his notice of appeal to this court, Butts did not state that he abandons any pending but unresolved claims pursuant to Ark. R. App. P.–Civ. 3(e)(vi)—he simply states that there are no unresolved claims.

II. *Discussion*

4

Under Arkansas Rule of Appellate Procedure–Civil 2(a)(1), an appeal may be taken only from a final decree entered by a circuit court. When a lawsuit contains more than one claim for relief, a judgment that adjudicates fewer than all of the claims is neither final nor appealable. *Splawn v. Wade*, 2013 Ark. App. 187, 427 S.W.3d 89. Arkansas Rule of Civil Procedure 54(b) allows a trial court, when it finds no just reason for delaying an appeal, to direct entry of a final judgment as to fewer than all of the claims or parties by executing a certification of final judgment. *Taylor v. Est. of Lewis*, 2024 Ark. App. 49, 683 S.W.3d 233. Absent this certificate from the trial court directing that the judgment is final, any judgment, order, or other form of decision, however designated, that adjudicates fewer than all of the claims or rights and liabilities of fewer than all of the parties shall not terminate the action as to any of the claims or parties. Ark. R. Civ. P. 54(b)(2).

In his amended complaint, Butts sought declaratory judgment that the rental-purchase agreement was void and unenforceable because it was unconscionable for two reasons. Butts alleged that the agreement was unconscionable because it was a contract of adhesion and asserted that there was unequal bargaining power. He also alleged that the exclusion or limitation of damages by Goode—the contents provision—was unconscionable. There was no specific ruling by the trial court.

In *AGRED Foundation v. Friends of Lake Erling Ass'n*, 2017 Ark. App. 510, we dismissed an appeal without prejudice when the trial court failed to address all of FOLEA's claims for declaratory relief—specifically, whether AGRED's attempt to require adjacent landowners to obtain a permit and pay a fee to AGRED for structures on Lake Erling constituted a violation

of the "Act of Exchange." The final order did not expressly deny FOLEA's claim, nor did it grant partial summary judgment in favor of AGRED; rather, it was silent on the issue. *See also USAble Mut. Ins. Co. v. Stibich*, 2024 Ark. App. 510 (dismissing appeal without prejudice because trial court's order did not dispose of all of Stibich's claims, and we cannot infer a ruling on his declaratory-judgment action from the trial court's silence on the matter).

Moreover, to the extent that the parties suggest that the trial court *impliedly* denied Butts's request for declaratory judgment, we reject this contention because a trial court must dismiss or adjudicate, by written order, all of the claims filed in a lawsuit—even when it appears that the trial court's order has necessarily rendered an outstanding claim moot or impliedly dismissed it. In *Bulsara v. Watkins*, 2010 Ark. 453, although a jury verdict was rendered in favor of Watkins, an obstetrician, in a medical-malpractice and wrongful-death case, our supreme court dismissed Bulsara's appeal for lack of a final order because the judgment did not dispose of Watkins's cross-claim against the hospital for indemnity and contribution in the event a judgment was entered against her. Similarly, in *Spears v. Spears*, 2012 Ark. App. 181, the wife sued for divorce, and the husband counterclaimed for divorce. The trial court granted the wife a divorce, divided the parties' property, apportioned their debt, set child support, and awarded alimony to the wife. The husband appealed, and we dismissed for lack of a final order because the trial court did not dismiss or adjudicate the husband's counterclaim for divorce. Here, we cannot conclude that the trial court impliedly dismissed Butts's claim for declaratory judgment even though it might appear as though the

6

trial court had an opinion about the validity and enforceability of the rental-purchase agreement by virtue of its rulings on Butts's other claims.

The order before us does not adjudicate or dismiss Butts's claim for declaratory judgment with respect to the rental-purchase agreement, and there was no attempt to comply with Rule 54(b). We, therefore, lack jurisdiction and must dismiss this appeal without prejudice.

Dismissed without prejudice.

ABRAMSON and HIXSON, JJ., agree.

*Friday, Eldredge & Clark, LLP*, by: *William A. Waddell, Jr.*, for appellant.

*Ramsay, Bridgforth, Robinson, and Raley LLP*, by: *Paul T. Bennett*, for separate appellee Goode Holdings, LLC.

*Fuqua Campbell, P.A.*, by: *Patrick L. Spivey* and *Sam Fletcher*, for separate appellee Arnold Exchange Group d/b/a Frontier Shed Co.